Richard B. Meyer, Esq. County Attorney, Essex
You have asked whether the employment by your town of a local building contractor to serve as the code enforcement officer constitutes a conflict of interests.
You have explained that the contractor does construction work in the town but would utilize a village code enforcement officer to review his construction work for compliance with the code. You are concerned, however, that the contractor will be enforcing the building code against his business competitors and question whether this constitutes a conflict of interests.
In our view, this individual should not serve as the town's code enforcement officer while he is undertaking construction work in the town. On numerous occasions we have stated that public officials should avoid private employment that compromises their ability to make impartial judgments solely in the public interest. Even the appearance of impropriety should be avoided in order to maintain public confidence in government. We believe that inspection by this individual of his competitor's work for compliance with the State code violates these principles (see 1987 Op Atty Gen [Inf] 132). While he may believe that he can do so impartially, he cannot escape the appearance of impropriety which arises under these circumstances.
We note that municipalities are required to enact codes of ethics which must include standards for private conduct in conflict with official duties (General Municipal Law, § 806). We suggest that you review your code of ethics to determine whether it includes standards applicable to the question raised.
We conclude that a building contractor who undertakes construction work in a town should not serve as that town's code enforcement officer.